UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ADALINE S. G., | Case No. 6:20-cv-01129-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Plaintiff Adaline S. G.[1] seeks judicial review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-403. This court has jurisdiction pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge enter final

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 – OPINION AND ORDER

orders and judgment in this case in accordance with 28 U.S.C. § 636(c). For the following reasons, the Commissioner's decision is affirmed.

*Procedural Background*

On April 19, 2016, Plaintiff protectively filed an application for a period of disability and disability benefits, alleging disability beginning October 1, 2015, due to fibromyalgia, degenerative disc disease, two rotator cuff surgical repairs, arthritis, osteoporosis, hypertension, hypothyroidism, and scoliosis. Tr. Soc. Sec. Admin. R. ("Tr.")[2] 46-47, 55-56, ECF Nos. 9, 16. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on May 9, 2018, at which Plaintiff appeared with her attorney and testified. Tr. 782. Vocational Expert Erin Hunt appeared and testified at the May 2018 hearing. Tr. 811. The ALJ conducted a second hearing on May 8, 2019, at which Plaintiff appeared with her attorney and testified. Tr. 30. Vocational Expert Susan K. Foster also appeared and testified at the May 2019 hearing. Tr. 43. On May 22, 2019, the ALJ issued an unfavorable decision. Tr. 13. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review. Tr. 1.

Plaintiff was born in 1956, was fifty-nine years old on the alleged onset of disability, sixty-three years old on the date of the ALJ's decision, and will be sixty-five years old on her date last insured. Tr. 25, 50, 63. Plaintiff completed school through ninth grade and has past relevant work as a gambling cashier. Tr. 22, 37, 61.

---

[2] The Transcript for this case is contained in two separate docket entries and is paginated sequentially. *See* Tr. Soc. Sec. Admin. R., ECF No. 9; Tr. Soc. Sec. Admin. R., ECF No. 16. For convenience, the court simply cites to "Tr." as have the parties in their briefing.

Page 2 – OPINION AND ORDER

*ALJ's Decision*

The ALJ determined that Plaintiff meets the insured status requirements through December 31, 2021, and at step one, found that she has not engaged in substantial gainful employment since her alleged onset date of October 1, 2015, through the date of the decision. Tr. 15. At step two, the ALJ determined that Plaintiff has following severe impairments: degenerative disc disease, hypertension, thyroid disorder, and status post hip fracture with surgical fixation. Tr. 16. At step three, the ALJ determined that Plaintiff's severe impairments do not meet or equal the severity of any listed impairment. Tr. 18. Reviewing all the evidence in the record, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work, except that she can occasionally stoop and climb ladders, ropes, and scaffolds. Tr. 18. At step four, the ALJ determined that Plaintiff is able perform her past relevant work as a gambling cashier as actually and generally performed, but did not make alternative step five findings. Tr. 22. The ALJ then determined that Plaintiff has not been disabled since October 1, 2015, through the date of the decision, and therefore, denied Plaintiff's application for disability benefits. Tr. 27.

*Issues on Review*

Plaintiff contends the ALJ made the following errors: (1) failed to properly evaluate her subjective symptom testimony; and (2) failed to account for her cognitive limitations in the RFC, resulting in an error at step four. The Commissioner argues that the ALJ's decision is supported by substantial evidence and is free of legal error. Alternatively, the Commissioner contends that even if the ALJ erred, Plaintiff has not demonstrated harmful error.

*Standard of Review*

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009. "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

*Discussion*

I.   The ALJ Did Not Err in Evaluating Plaintiff's Subjective Symptom Testimony

   *A.   Standards*

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must perform two stages of analysis. *Trevizo*, 871 F.3d at 678; 20 C.F.R. § 404.1529. The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that reasonably could be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090; 1102 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). At the second stage, absent affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for discounting the claimant's testimony regarding the severity of the symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

Page 4  – OPINION AND ORDER

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Factors the ALJ may consider when making such credibility determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, and inconsistencies in testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013); *Tommasetti*, 533 F.3d at 1039.

B.   Analysis

At the first hearing in May 2018, Plaintiff testified to being sixty-two years old and living with her husband. Tr. 793, 798. Plaintiff testified that she had worked full-time at a casino for eighteen years and had cash handling problems "towards the end because I couldn't concentrate." Tr. 800, 802. Plaintiff reported being placed on a performance improvement plan, but being unable to concentrate on each transaction, and so she was terminated. Tr. 803, 811. She noted that she was not offered other jobs or modified positions. Tr. 811. Plaintiff testified that her former job required seven hours of standing per day and to lift approximately fifty pounds once per day. Tr. 794. Plaintiff estimated that she occasionally could lift twenty-five pounds and stand for fifteen minutes, then not at all because "[m]y back goes." Tr. 799-800. Plaintiff stated that she can perform household chores for fifteen minutes before needing a break, and that she is unable to be on her feet for more than four hours in an eight-hour period. Tr. 807. Plaintiff testified she takes medications for hypertension (amlodipine), hyperthyroid (levothyroxine), and fibromyalgia (citalopram). Tr. 805, 810. Plaintiff stated that the antidepressant can make her a little foggy, and that it may have contributed to her making mistakes while working. Tr. 806.

At the conclusion of the first hearing, the ALJ ordered a comprehensive psychological evaluation. Tr. 808-10. The ALJ conducted a second hearing in May 2019. Tr. 30. At that

Page 5  – OPINION AND ORDER

hearing, Plaintiff testified that in June 2018, she fell and broke her hip. Tr. 42. She stated her back was a little bit worse, and that she cannot sit or stand for lengthy periods. Tr. 43.

In a May 26, 2016 Adult Function Report, Plaintiff describes that she is in pain 24/7, which makes it hard to cope or concentrate on anything, and that "fibro fog" gets in the way. Tr. 220. She described that she is sleepy most of the time, and that she is tired even if she gets nine hours of sleep. Tr. 220. She states that during a typical day, she does housework such as cleaning and cooking, and that she also watches television and goes online. Tr. 221. Plaintiff stated she can clean, wash dishes, feed pets, and wash laundry, and that she no longer performs yard work because it is too difficult. Tr. 223. She said she can shop for groceries every couple of days for one to one and one-half hours, drive a car, and goes outside for walks. Tr. 223. She described that she can pay bills and make change, although she is not as accurate, and that she likes to go for lunch once a week with friends and gamble. Tr. 224. Plaintiff stated that she follows written and oral instructions very well, does not have difficulty with authority figures, and can handle stress and changes in routine. Tr. 225-26.

In the decision, the ALJ described that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical and other evidence in the record, citing three reasons: (1) the medical evidence does not support her allegations of disabling physical limitations; (2) the lack of mental health treatment and limited medical evidence are inconsistent with severe cognitive limitations; and (3) her employment records are inconsistent with disabling cognitive limitations. As explained below, the court readily finds the ALJ has provided specific, clear and convincing reasons, backed by substantial evidence, for discounting Plaintiff's subjective symptom testimony.

Page 6 – OPINION AND ORDER

1.  inconsistency with medical evidence/conservative treatment

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. § 404.1529(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. A lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick*, 157 F.3d at 722 ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, when coupled with other permissible reasons, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony. *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004)).

In the decision, the ALJ detailed numerous inconsistencies between Plaintiff's alleged symptoms and the objective medical evidence. For example, the ALJ observed that contrary to Plaintiff's testimony that she can stand for only fifteen minutes before her "back goes," x-rays of her thoracic and lumbar spine in 2015 showed only "mild degenerative changes." Tr. 18-19. As the ALJ accurately discussed, Plaintiff's February 20, 2015 thoracic spine images showed "mild dextroscoliosis," "mild diffuse osteoporosis," and "moderate loss in height at T11-12 disc and degenerative arthritic spurring." Tr. 18, 665. The ALJ also accurately observed that contemporaneous images of her lumbar spine showed "mild left convex lumbar scoliosis," and that the disc spaces showed "no acute findings" and "no significant narrowing," and only mild degenerative changes. Tr. 18, 666. The ALJ found, contrary to Plaintiff's testimony that her blood pressure, thyroid, and antidepressant medications cause fogginess, that her medical records

Page 7 – OPINION AND ORDER

failed to describe any adverse medication side effects. Tr. 18 (citing Tr. 650-662). The ALJ's findings are wholly supported by substantial evidence and the ALJ reasonably discounted her testimony on this basis. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (finding ALJ appropriately considered mild findings on MRIs and X-rays in discounting claimant's testimony as to her back pain).

The ALJ discussed March 2016 treatment notes from Tisha M. Larsen, FNP, from whom Plaintiff sought treatment for her hypertension and thyroid condition. Tr. 19. The ALJ indicated that Plaintiff was then reporting vision changes, that Plaintiff had been without blood pressure medication for six weeks, and that she was nearly out of thyroid medication. Tr. 19. Larsen restarted amlodipine for hypertension and continued levothyroxine for her hypothyroidism. Tr. 19, 646-49. The ALJ noted that Larson described Plaintiff as being alert, oriented times three, normal mood and affect, ambulated with normal gait, and found no muscle wasting, tenderness, or musculoskeletal tenderness. Tr. 19, 648-49. The ALJ found Larsen's relatively benign treatment notes inconsistent with Plaintiff's allegations of total disability. Tr. 19. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (holding ALJ may properly discount claimant's testimony concerning the severity of impairments based on conservative course of treatment).

The ALJ discussed that the August 2016 treatment notes from Dr. Simmons are inconsistent with disabling physical limitations. Tr. 19. The ALJ detailed that contrary to Plaintiff's allegations of "primary fibromyalgia syndrome" Dr. Simmons treatment notes do not reflect that Plaintiff exhibited any positive fibromyalgia tender points during the examination. Tr. 19, 674. The ALJ detailed that Dr. Simmons' treatment notes showed Plaintiff ambulated normally with a normal gait, had normal motor strength, and had normal movement in all extremities, with clear lungs and regular heart rate. Tr. 19, 674. The ALJ noted that Dr.

Page 8 – OPINION AND ORDER

Simmons prescribed tizadine for Plaintiff's fibromyalgia, noted her hypertension was well-controlled on amlodipine, and that her thyroid medication was not yet due to be refilled. Tr. 19, 674-75. The ALJ specifically found that Dr. Simmon's "objective observations" and "prescribed treatment" were not "persuasive evidence of disabling physical symptoms or limitations." Tr. 19. The ALJ's findings are supported by substantial evidence, and the ALJ reasonably discounted Dr. Simmons's testimony on this basis. *See Warre v. Astrue*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling" under the Act.)

The ALJ detailed that Plaintiff suffered a fracture to her left femur which was surgically repaired by Robert G. Kloepper, M.D., on June 3, 2018, with a gamma nail fixation. Tr. 19-20. Dr. Kloepper's treatment notes show that Plaintiff had good bone healing, near anatomic alignment, no infection, and reported no pain at the fracture site, and in July 2018, she was released to perform all activities as tolerated. Tr. 754-55. The ALJ discussed Dr. Kloepper's postoperative treatment notes showed that Plaintiff reported left hip pain ten weeks after surgery, which Plaintiff described as muscular in nature, and that Plaintiff reported not undertaking physical therapy due to insurance issues. Tr. 20, 753. The ALJ described that Dr. Kloepper's notes reflected that Plaintiff was alert, oriented times three, and with normal affect, and that the record contains no further follow up treatment notes. Tr. 20, 573-54. The ALJ found that aside from Plaintiff's 2018 left femur fracture, Plaintiff's medial treatment has been sporadic, routine, and conservative, and thus failed to support her allegations of chronic, disabling physical limitations. Tr. 20.

Based on the lack of objective findings and prescribed treatments, the ALJ reasonably concluded that Plaintiff's subjective limitation assertions are undermined by the medical evidence. The ALJ's findings are wholly supported substantial evidence in the record, are a reasonable

Page 9 – OPINION AND ORDER

interpretation of the record, and will not be second-guessed. *Carmickle*, 533 F.3d at 1161 (finding contradiction with the medical record an appropriate basis to reject a claimant's subjective symptom testimony); *Kellie Ann B. v. Comm'r Soc. Sec. Admin.*, Case No. 1:18-cv-01427-HZ, 2019 WL 2518120, at *4-5 (D. Or. June 18, 2019) (holding ALJ appropriately discounted claimant's allegations of extreme limitations where MRI revealed mild findings).

        2.    lack of mental health treatment or objective findings

The ALJ rejected Plaintiff's allegations of disabling mental impairments or cognitive limitations because they are not supported by objective evidence and she has not undertaken any specific mental health treatment. Tr. 21. The lack of mental health treatment can be a clear and convincing reason to discount allegations of disabling mental health limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded by regulation on other grounds* (explaining that the ALJ properly rejected claimant's subjective symptom testimony because the claimant failed to seek treatment and there was no medical evidence that any failure was attributable to the claimant's mental impairments). Additionally, an "unexplained or inadequately explained failure to seek treatment" may be a clear and convincing reason to discount a claimant's testimony. *Id.* (internal quotation and citation omitted); *Tomasetti*, 533 F.3d at 1039.

At the first hearing's conclusion, the ALJ held the record open to obtain a psychodiagnostic evaluation because the record contained little evidence of mental health treatment. Tr. 808. On August 9, 2018, Scott T. Alvord, PsyD., conducted that evaluation. Tr. 682. The ALJ observed that Plaintiff told Dr. Alvord she experienced low-grade depression, with lethargy, fatigue, tearfulness, and low-motivation, and that she was taking an anti-depressant. Tr. 20. The ALJ noted that Plaintiff alleged a 15-year history of attention and focus problems, and that she was terminated from her job because she could not concentrate. Tr. 20. In discussing Dr. Alvord's

Page 10 – OPINION AND ORDER

examination findings, the ALJ note that Plaintiff's mood was "a little bit down," her affect was euthymic, she was alert and fully oriented with normal speech. Tr. 20, 683-84. The ALJ also noted that Dr. Alvord found Plaintiff's immediate working memory intact, in that she could recall three of three words after five minutes, could perform serial threes and some serial sevens with difficulty, and could perform a multiplication problem. Tr. 20, 684. The ALJ noted Dr. Alvord found Plaintiff spelled "world" correctly forward and incorrectly backward, could think abstractly, had adequate judgment and insight, and low average global intelligence. Tr. 20, 684-85.

The ALJ discussed that Dr. Alvord diagnosed Somatic Symptom Disorder and Major Depressive Disorder that he classified as "mild," and that her psychiatric symptoms were "reasonably controlled with medications at this time." Tr. 685. Dr. Alvord found that Plaintiff's attention and concentration testing failed to reveal any neurocognitive disorder. Tr. 684-85. The ALJ also noted Dr. Alvord's opinion that Plaintiff has only "mild" limitations in ten specific social and cognitive abilities. Tr. 687-88. Based on Dr. Alvord's examination report, and his clinical observations and overall mild limitations described therein, the ALJ discounted Plaintiff's allegations of severe mental impairments. The ALJ also noted that despite alleging concentration and focus problems, neither Dr. Alvord's examination nor his treatment notes generally describe Plaintiff as having difficulties in concentration or focus. Tr. 18. The ALJ's findings in this regard are wholly supported by substantial evidence in the record.

Based on the lack of significant mental health findings and the lack of mental health treatment, the ALJ reasonably could conclude that Plaintiff's allegations of severe mental health limitations due to her anxiety and depression and alleged cognitive difficulties sustaining concentration and focused are not supported by the objective medical evidence. Tr. 18, 21. As the ALJ carefully detailed, the objective medical evidence is simply devoid of any notable findings

Page 11 – OPINION AND ORDER

to support the severity of her mental health allegations. Accordingly, the ALJ appropriately discounted her subjective symptom testimony on this basis. *Burch*, 400 F.3d at 681 (holding that ALJ may consider lack of medical evidence but it cannot be the only factor supporting an adverse credibility finding); *Molina*, 674 F.3d at 1113 (ALJ may discount claimant's credibility for an unexplained or inadequately explained failure to seek mental health treatment); *Marina P. v. Comm'r Soc. Sec. Admin.*, 3:18-cv-00236-AC, 2019 WL 12360976, at *5 (D. Or. Sept. 27, 2019), *adopted* 2020 WL 589531 (D. Or. Feb. 6, 2020) (finding ALJ appropriately discounted claimant's subjective symptom testimony where "the objective medical evidence is simply devoid of any notable findings to support the severity of her allegations").

Contrary to Plaintiff's suggestion, the ALJ did not err by failing to develop the record fully and fairly because "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Although Plaintiff suggests the ALJ should have inquired further about whether she undertook mental health treatment prior to her alleged onset date, there is nothing in the current record suggesting that any such treatment records exist, and Plaintiff identifies none. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) ("The claimant bears the burden of proving that she is disabled."). Further, Plaintiff does not challenge the ALJ's assessment of Dr. Alvord's opinion, and as the ALJ discussed, there is no record evidence of any specific mental health treatment. Tr. 21. Plaintiff fails to show how the record before the ALJ was ambiguous or inadequate, and the court rejects Plaintiff's contrary contention. In short, the ALJ's findings are wholly supported by substantial evidence and are a reasonable interpretation of the evidence, and the ALJ appropriately discounted Plaintiff's subjective symptom testimony on this basis.

Page 12 – OPINION AND ORDER

3.  employment records inconsistent with disabling cognitive limitations

Plaintiff's attorney submitted 327 pages of personnel records from Plaintiff's former employer for the ALJ's consideration. As the ALJ accurately described, the records document Plaintiff being written up or reprimanded for making errors or not following workplace rules or procedures. Tr. 21 (citing Tr. 300-631). The ALJ clearly considered the employment records and found that when viewing them against the longitudinal record, including her treatment notes and Dr. Alvord's examination findings, the records simply were not "persuasive evidence of disabling cognitive limitations as her representative argues them to be." Tr. 21.

After careful review, the court concludes that the ALJ's findings are a reasonable interpretation of the record and supported by substantial evidence, and that the ALJ could discount Plaintiff's allegations of disabling cognitive limitations on this basis. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (noting that an ALJ may consider "ordinary techniques of credibility evaluation"); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1987) (providing that an ALJ not required to believe every allegation of disabling pain, or "disability benefits would be available for the asking"). Even if the personnel records could be interpreted differently, the ALJ's conclusion is a reasonable one, and therefore, must be upheld. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (holding that even if evidence is susceptible to more than one interpretation, where the ALJ's reasoning is supported by substantial evidence and is rational, it must be upheld).

In summary, the ALJ thoroughly discussed the record and provided specific details about the lack of objective medical evidence, the conservative treatment, and lack of treatment supporting the severity of Plaintiff's allegations, and that her employment record does not support her allegations of cognitive deficits. Therefore, the ALJ has provided specific, clear and

Page 13 – OPINION AND ORDER

convincing reasons to discount Plaintiff's subjective symptom testimony based on reasonable inferences drawn from the record as whole. *Molina*, 674 F.3d at 1111. The ALJ's findings are sufficiently specific to permit the court to conclude that Plaintiff's subjective symptom testimony was not arbitrarily discredited; the ALJ did not err. *Brown-Hunter*, 806 F.3d at 493.

II.     The ALJ Considered All of Plaintiff's Credited Limitations in the RFC

The RFC is the most a claimant can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ is required to include only those limitations that are supported by substantial evidence in the RFC and, by extension, hypothetical questions posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001); 20 C.F.R. § 404.1545(a) (discussing RFC). Here, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony, and Plaintiff does not challenge the ALJ's evaluation of the medical opinion evidence. Plaintiff's contention that the ALJ erred by failing to include her alleged cognitive limitations in the RFC largely repeats her arguments concerning the ALJ's rejection of her subjective symptom testimony. Because the ALJ did not err in evaluating Plaintiff's subjective symptom testimony or the medical evidence, the ALJ's RFC included all those limitations found credible and supported by substantial evidence, and he did not err in formulating the RFC. *Osenbrock*, 240 F.3d at 1163-65; *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding where ALJ has not committed legal error and decision is supported by substantial error, the RFC contains all credited limitations); *Marina P.*, 2019 WL 12360976, at *17 (same).

*Conclusion*

For the reasons stated above, the Commissioner's final decision is AFFIRMED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 15th day of November, 2021.

_____
JOHN V. ACOSTA
United States Magistrate Judge

Page 15 – OPINION AND ORDER